FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 09, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANNA O.,<br><br>　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>　　Defendant. | No.  2:21-CV-00168-SAB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

　　Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 13, and Defendant's Cross-Motion for Summary Judgment, ECF No. 16. The motions were heard without oral argument. Plaintiff is represented by Jeffrey Schwab. Defendant is represented by Timothy Durkin and Kelly Arefi. For the reasons set forth below, the Court denies Plaintiff's motion, grants Defendant's motion, and affirms the administrative law judge ("ALJ") decision denying benefits.

### Jurisdiction

　　On May 31, 2019, Plaintiff filed an application for supplemental security income disability insurance benefits, alleging disability beginning May 1, 2019.

　　Plaintiff's application was denied initially and on reconsideration. On September 21, 2020, Plaintiff appeared and testified at a telephonic hearing before

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

an ALJ. The ALJ issued a decision on October 19, 2020, finding that Plaintiff was not disabled. Plaintiff timely requested review by the Appeals Council, which denied the request on March 22, 2021. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner.

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on May 19, 2021. The matter is before this Court under 42 U.S.C. § 405(g).

## Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2**

severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

1  *v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant
2  establishes that a physical or mental impairment prevents him from engaging in her
3  previous occupation. *Id*. At step five, the burden shifts to the Commissioner to
4  show that the claimant can perform other substantial gainful activity. *Id.*

### I. Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

//

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4**

For claims filed on or after March 27, 2017,[1] like the present claim, new regulations apply regarding the evaluation of medical evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017). The new regulations eliminate any semblance of a hierarchy of medical opinions and state that the agency does not defer to any medical opinions. 20 C.F.R. §§ 404.1520c(a), 416.920c. Specifically, the rules eliminate the agency's "treating source rule," which gave special deference to certain opinions from treating sources. 82 Fed. Reg. at 5853. In articulating the ALJ's consideration of medical opinions for persuasiveness, the ALJ considers the following factors: (1) Supportability and (2) Consistency; (3) Relationship with the claimant, including (i) length of treatment relationship; (ii) frequency of examinations; (iii) purpose of the treatment relationship; (iv) extend of the treatment relationship; (v) examination relationship; (4) Specialization; and (5) Other factors, including whether the medical source has familiarity with the other evidence or an understanding of SSA's disability program's policies and evidentiary requirements. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The most important factors in evaluating the persuasiveness of medical opinions are supportability and consistency. 20 C.F.R. §§ 404.1520c(a), 416.920c(a).

Supportability and consistency are further explained in the regulations:

(1) *Supportability.*

The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

---

[1] For claims filed prior to March 27, 2017, an ALJ was to give more weight to "those physicians with the most significant clinical relationship with the plaintiff." *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008).

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

(2) *Consistency.*

The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c); 416.920c(c).

When a medical source provides multiple medical opinions, the ALJ must articulate how it considered these opinions in a single analysis applying the above-listed factors. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). If equally persuasive medical opinions about the same issue are both equally well-supported and consistent with the record, but are not exactly the same, the ALJ must articulate how it considered the other most persuasive factors in making its decision. 20 C.F.R. §§ 404.1520c(c)(3), 416.920c(c)(3).

## Statement of Facts

The facts have been presented in the administrative transcript, the ALJ's decision, and the briefs to this Court; only the most relevant facts are summarized here.

At the time of the hearing, Defendant was 33 years old. She has never worked. She graduated from high school, by attending some classes and also being homeschool. She reported being born with Fetal Alcohol Syndrome and that she is on the autism spectrum. She experienced major trauma and severe early child abuse. She testified that she has a language-based learning disability, and suffers from myoclonic seizures, panic attacks and chronic back and pelvic pain.

When she was 7, she began horse therapy. She testified that she no longer rides horses because she does not have access to them, and because of her back pain. She testified that it is painful to even stand.

She testified that she is not able to do own laundry, cooking, and house cleaning. She does not take many baths and is scared of people. She testified that

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

she had caregivers between the age of 7 until 2017, when she got married. She is currently separated. She testified that she does not have a driver's license.

She enjoys art, beading, sewing, and she plays the fiddle/violin. At times, Plaintiff will play her fiddle on the streets for donations.

### The ALJ's Findings

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since May 31, 2019. AR21.

At step two, the ALJ found Plaintiff has the following severe impairments: Obesity: Bilateral hip instability; Somatoform disorder; PTSD; Learning disorder; Anxiety; Depression. AR21.

At step three, the ALJ found that Plaintiff's impairments or combination of impairments do not meet or medically equal any Listing. AR22.

The ALJ concluded that Plaintiff has the residual functional capacity to perform:

> as defined in 20 CFR 416.967(b) with the following limitations. She is able to lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk about six hours in an eight-hour workday and sit about six hours in an eight-hour workday. She would need a sit/stand option, defined as change from a standing position to a sitting position, or vice versa, approximately every 30 minutes for about 5 minutes while remaining at the workstation. No climbing of ladders, ropes or scaffolds; occasional climbing of ramps and stairs; occasional stoop, crouch, kneel and crawl. No moving or dangerous machinery or exposure to unprotected heights. No driving a motor vehicle at work. She is capable of simple routine and repetitive tasks, reasoning levels one or two. No production pace conveyer belt type-work. She needs a predicable work environment with occasional simple workplace changes. No more than brief and superficial interaction with the public, coworkers and supervisors, although more contact is acceptable during training periods.

AR. 24. At step four, the ALJ found that Plaintiff is incapable of performing any past relevant work. AR 29.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7**

At step five, the ALJ found Plaintiff was not disabled on the basis that she could perform other work which exists in significant numbers in the national economy, including positions such as assembler, small products; packager, hand; and electronic bench worker. AR29.

**Issues for Review**

1. Did the ALJ properly evaluate Plaintiff's Mental Residual Functional Capacity?
2. Did the ALJ err by failing to conduct an adequate analysis at Step Five.

**Discussion**

In her Motion for Summary Judgment, Plaintiff does not challenge the ALJ's RFC determination regarding her physical limitations. The ALJ had found that the objective medical evidence did not fully support Plaintiff's allegations of disabling physical impairments and their corresponding symptoms.

With respect to her alleged disabling mental impairments and their corresponding symptoms, the ALJ found the objective medical evidence did not fully support Plaintiff's claimed level of limitations. Plaintiff challenges these findings and argues that her complaints are reasonable and supported by the substantial evidence of the record.

**1.    The ALJ's Determination of Plaintiff's Mental Residual Functional Capacity**

The ALJ concluded Plaintiff's RFC was limited by her mental impairments as follows:

> She is capable of simple routine and repetitive tasks, reasoning levels one or two. No production pace conveyer belt type-work. She needs a predicable work environment with occasional simple workplace changes. No more than brief and superficial interaction with the public, coworkers and supervisors, although more contact is acceptable during training periods.

AR24.

The ALJ noted that although Plaintiff had a history of PTSD, a learning

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**

disorder, anxiety, and depression, the totality of the record does not fully support a finding that these conditions are disabling and prohibit her from performing all work. The ALJ noted that during a DSHS psychological evaluations her memory testing was within normal limits. Mental health status exams generally demonstrated intact cognitive functions, including normal memory, normal attention and concentration, and good fund of knowledge. She presented as alert and oriented with clear and coherent speech full cooperative with a low to moderate level of functioning. She had a normal thought process/content, absent hallucinations, delusions or dissociate features. Also, the ALJ noted that Plaintiff reported gradual improvement of her anxiety and depression with counseling and medications.

The ALJ noted the State Disability Determination Services psychological medical consultants who reviewed the record on July 11, 2019 and November 5, 2019 concluded that Plaintiff's mental impairments produce moderate limitations in understanding, remembering, or applying information; moderate limitations in interacting with others; moderate concentrating, persisting, or maintaining pace; and moderate limitations in adapting or managing oneself. That said, the consultants concluded that Plaintiff would have the ability to carry out very short and simple instructions in an acceptable manner and interact with others on an occasional and superficial basis and accept instructions from a supervisor.

The ALJ found these assessments to be persuasive for two reasons: (1) the consultants provided a thorough written summary of the longitudinal record and (2) the evidence relied upon fully supports their opinions. The ALJ found the assessments to be consistent with the mental status exam findings in the longitudinal record, showing normal memory, normal attention and concentration, and good fund of knowledge, and was consistent with her admitted ability to shop in stores, take public transportation, volunteer in the community and play her fiddle on the streets for money.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9**

The ALJ found that Dr. Uhl's DSHS psychological evaluation dated May 14, 2019 to not be persuasive. The ALJ found his opinion was not supported because he only conducted a cursory evaluation, and his opinion consists of a check-box form with little explanation to support the identified limitations. The ALJ found that Plaintiff's overall performance was consistent with the ability to perform simple routine and repetitive tasks, which the ALJ identified in Plaintiff's RFC.

Also, the ALJ noted that Dr. Uhl appeared to overly rely on Plaintiff's subjective reports,[2] and that Dr. Uhl's marked limitations were inconsistent with other mental status examinations found in the record.

An ALJ "may permissibly reject check-off reports that do not contain any explanation of the bases of their conclusions." *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020) (quoting *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012)). However, a physician's opinion in the form of check-box questionnaire is not a proper basis for rejecting an opinion if it is supported by treatment notes or other medical evidence. *See Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014) (even though treating physician's assessments were of the "check-box" form and contain almost no detail or explanation, the record of his own extensive treating notes supported physician's opinions); *Garrison v. Colvin*, 759 F.3d 995, 1014 n. 17 (9th Cir. 2014) (ALJ erred by rejecting check-box forms opinions because they "reflected and were entirely consistent with the hundreds of pages of treatment notes created by [the physicians] in the course of their relationship with [the claimant]").

The ALJ's conclusions are consistent and supported by the record. Dr. Uhl's check-box opinion was not supported by treatment notes or other medical evidence. For the most part, the record indicates that Plaintiff has fairly unremarkable mental

---

[2] Notably, the ALJ found that Plaintiff was not credible with respect to her alleged mental health symptoms and her physical symptoms.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10**

status examinations. Plaintiff has told her treatment providers that her anxiety was not debilitating and she has described improvement in her anxiety with medication and counseling.

## 2. The ALJ's Step Five Analysis

Plaintiff argues the ALJ's hypothetical presented to the vocational expert was flawed because it did not reflect all of Plaintiff's limitations. Plaintiff argues that Dr. Uhl's report should be inferred that Plaintiff would have absenteeism and diminished productivity, which would prevent her from maintaining employment. As described above, however, the ALJ properly found that Dr. Uhl's report was not persuasive and inconsistent with the record, so the ALJ's failure to include the additional limitations suggested by Plaintiff was proper.

## Conclusion

Because the ALJ's opinion denying benefits is supported by substantial evidence and free of legal error, Plaintiff's Motion for Summary Judgment is denied, and Defendant's Motion for Summary Judgment is granted.

//
//
//
//
//
//
//
//
//
//
//
//
//

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11**

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 13, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 16, is **GRANTED**.

3. The decision of the Commissioner denying benefits is **affirmed**.

4. The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and close the file.

**DATED** this 9th day of May 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12**